# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Maurice J Sinkfield
Plaintiff,

vs.

UNITED STATES MARSHALS SERVICE,
ARMOND BUDISH,
KENNETH MILLS,
ERIC IVEY,
CLIFFORD PINKNEY,
Defendants

CASE No. 1:19 CV 392

JUDGE PEARSON

Judge.

MAG. JUDGE BURKE

Maurice J Sinkfield, Lake Erie Corr. Inst. 501 Thompson Road P.O. Box 8000 Conneaut, Ohio State [44030-8000]

Comes now the Plaintiff Maurice Sinkfield

Cover Page

before this honorable court, respectfully invoking this court's common law Jurisdiction, for his complaint against the Defendants, alleges and claims as follows:

(1) Maurice Sinkfield, the plaintiff, is a living human (hue-man) being that was subjected to inhumane, torturous and unconstitutional conditions at the cuyahoga County Jail, and that was tortured for information by members of the UNITED STATES MARSHAL SERVICE at the ~~UNIT~~ UNITED STATES DISTRICT COURT N.D. OHIO (Cleveland).

(2) Armond Budish is the Cuyahoga County Executive. Kenneth Mills is the former Cuyahoga County Jail director, George Taylor is the interim Jail director. Eric Ivey is the Cuyahoga County Jail warden, Clifford Pinkney is the Cuyahoga County sheriff. The United States Marshals service is the agency who the federal district court place pretrial detainees in its custody. The defendants principle place of business is in Cleveland Ohio state.

Page 1 of 14

(3) This is a civil lawsuit, being prosecuted within this Court's common law jurisdiction. The defendants violated the plaintiff's constitutionally protected rights, The law(s) of the United States, and the Universal Declaration of Human Rights. The Plaintiff maurice sinkfield certify that the matter in Controversy exceeds the sum or value of eighty-five thousand U.S. dollars ($85,000.00) exclusive of interest and cost, and is between the plaintiff a living human being (hue-man) and the defendants (corporate officials).

(4) This Court have original jurisdiction over this case in accordance with title 28 U.S.C 1331 chapter 85 part IV. This civil action in Common law is arising under the U.S. Constitution and laws of the United States. The events giving rise to the Claims asserted herein occurred on the property purchased by the United States ceded by ohio State to the United States (801 West superior avenue cleveland, Ohio 44113; and, on property owned by the Cuyahoga County organization (The Cuyahoga County Jail, West 3rd Street Cleveland, ohio 44113). Jurisdiction and venue is proper.

(5) On April 3, 2016 the Plaintiff, Maurice Sinkfield, was arrested by the U.S. Marshals Service and the Cuyahoga County Sheriffs Department and taken to the Cuyahoga County Jail downtown Cleveland, Ohio State. The plaintiff was then booked and detained at the Jail, assigned a cell on Floor 10 Jail 1. On April 4th, 2016 the plaintiff was reassigned and moved to Jail 2 Floor 5. Once the plaintiff arrived to the assigned housing area he (Plaintiff) was denied food (dinner meal), after complaining to officers and their supervisor, a Special Response Team officer, that escorted the plaintiff to Floor 5 housing area, threatend the plaintiff. The Plaintiff filed a Civil Complaint at the district Court's Clerks office. See Complaint case No. 1:16 cv 948 Sinkfield v. Cuyahoga County Sheriff Dept.

From April 3, 2016 to June 3, 2016 the Plaintiff was subjected to multiple 27 hour lockdowns (red-zone), threats and harassment by Special Response Team (SRT) officers, strip searched and threatend and harassed by SRT officer(s) while a corporal

recorded the incident with a cell phone and indicated that he uploaded the video to the world star website via internet humiliating the plaintiff and all the other detainees that was present. The plaintiff was forced to eat contaminated expired foods and sleep on a mat on the floor next to a toilet inside a cell designed for one (1) occupant.

On Friday January 27, 2017 the Plaintiff was assaulted by Special Response Team officers. The SRT officers forced the plaintiff into a chair designed to restrict movement. The plaintiff did nothing to warrant such treatment by the officers. The Plaintiff was taken to disciplinary isolation located inside Jail 2 10th floor pod B cell No. 8. The plaintiff was denied adequate food diet and only was allowed to eat one bag of expired carrots covered in white slime, sometimes one small expired orange, and 2 slices of bread and bologna with greasy white slime on it. This was serve at every mealtime, hot adequate food diets was prohibited, according to Corporal Roberson and Sergeant Odonnel. Corporal Roberson also advised the plaintiff that

the plaintiff has been labeled a sovereign citizen by the state of Ohio and the Cuyahoga County Sheriff's Department. On Sunday, January 29, 2017 Sergeant Odonnel advised the plaintiff that he will look into (investigate) why SRT officer confiscated plaintiff's legal evidence for trial without returning the evidence to the plaintiff. The Plaintiff was accused of rule violations 2-4 refusing a direct order and 2-19 Major disruptive conduct but denied any hearing or due process. The disciplinary isolation ended on Febuary 2, 2017 at 1:00pm and the plaintiff was assigned to housing area located in Jail 2 12th Floor (the very top floor) and assigned to a cell where he had to sleep on a mat on a cold floor next to a toilet. On Febuary 2, and 3, 2017 the Plaintiff had to eat expired contaminated food that was placed on cracked, mold-covered serving trays that smelled like feces.

On June 3 or 4, 2017 the Plaintiff was again booked and detained in the Cuyahoga County Jail under the custody of the U.S. Marshals Service. The Plaintiff was assigned to housing area located in Jail 2, 5th floor, pod C, cell 1.

Page 5 of 14

The Plaintiff was again forced to eat contaminated food that was served on cracked, mold-covered, dirty serving trays that leaked moldy water that smelled like feces and sewer water. The Plaintiff was also forced to sleep and eat on a mat on the next to a toilet inside a overcrowded cell. The Plaintiff became very sick and hopeless as a result of the inhumane conditions at Cuyahoga County Jail and because he unwittingly ingested black mold and contaminated food. The Plaintiff's federal criminal trial began on June 5th, 2017 and ended on June 8th, 2017. (Case No 1:16CR146 U.S. V. Sinkfield).

The Plaintiff informed the Court multiple times about the Jail conditions, the confiscated evidence, the assaults and threats etc.... but the court was more interested in rushing to Judgment. Standby Counsel Carlos Warner advised the Plaintiff to stop attempting to make the trial court aware of the inhumane, torturous, unconstitutional Jail conditions and the oppressive criminal process because the plaintiff's constitutional and statutory rights are not be strictly indulged in his favor by the trial court Judge. The government, U.S. Marshal service and the Court was fully aware

Page 6 of 14

of the conditions at Cuyahoga County Jail that made the plaintiff sick and unhealty, that denied the plaintiff's right to amount a adequate effective defense for his criminal trial, and that placed the plaintiff under duress. The Cuyahoga County Jail's employees burdened the plaintiff by their unjust, cruel exercise and abuse of power or authority and negligence. The plaintiff was subjected to the inhumane, torturous and unconstitutional conditions at the Cuyahoga County Jail until about late or mid November 2017.

On October 5th, 2017 at the United States District Court N.D. Ohio (Cleveland), the U.S. Marshals Service agent/Deputy(s) threatend to cause physical bodily harm to the plaintiff's body after the plaintiff decided to not affix his human signature to the government's electronic document(s). A sentencing hearing before district Judge Donald C. Nugent was schedule on October 5th, 2017 and cancelled the same day. Judge Nugent while in court on record asked the plaintiff to sign the electronic documents that the U.S. Marshals presented to the plaintiff outside the courtroom. The plaintiff

denied the Judge's request because the government and the U.S. Marshals would not allow the plaintiff to read the documents and obtain full disclosure of the documents. On November 13, 2017 the plaintiff was surrounded by Cuyahoga County Jail officers and one corporal. The corporal threatend to physically harm the plaintiff if he did not comply and allow the U.S. Marshals that threatend him take him into custody. After the sentencing hearing held before Judge Donald C. Nugent courtroom 15A, the U.S. Marshals tortured the plaintiff in their office. The Marshals inflicted intense pain to the plaintiff's right arm, shoulder and spinal cord, to extract the plaintiff's human signature which was affixed to a electronic document without plaintiff's assent, and to obtain sadistic pleasure.

The U.S. Marshals conduct or actions were extremely cruel and their action caused ~~the~~ unacceptable suffering to the plaintff. The U.S. Marshals tortured the plaintiff because he denied their requests to affix his human signature to an electronic document

Page 8 of 14

without him being allowed to read the electronic document(s) and obtain full disclosure. The U.S. Marshals Deputys, The government and Judge Donald C. Nugent prevented disclosure of very inportant information from the plaintiff and they tryed to get the plaintiff to sign the document(s) by the use of deception. Deputy Marshal Stinc offered fast food to the plaintiff in exchange for the plaintiff's signature, but the plaintiff did not accept the offer.

After the deputy Marshals final requests to sign the electronic document(s), the plaintiff denied the requests and then the U.S. Marshals deputys tortured the plaintiff to extract the signature, to punish the plaintiff for denying all their requests and to obtain sadistic pleasure. The deputys' actions caused permanent damages to the plaintiff's body, and the deputys inflicted intense pain to the plaintiff's mind.

The Cuyahoga County Jail's Conditions caused damages to the plaintiff. Due to the overcrowding in the Jail the plaintiff developed inappropriate social skills, aggressive, violent and destructive behavior patterns that was observed through careful attention by the Jury during the plaintiff's federal criminal trial, where he practiced prose. And was found guilty of violating Title 18 U.S.C. 111(a) and (b). The plaintiff was exposed to health hazard associated with close contact with toilet facilities, contagious diseases (Tuberculosis, hepatitis C, B, Staphylococcus, etc.) due to the plaintiff being double in cells, in close proximity (less then 20-40 sq. ft.) to other inmates where there are no TB lights, no proper sanitation and where there is very long waits for very cheap health care that the plaintiff is required to pay a fee for.

The conditions and treatment that the plaintiff was subjected to at the Cuyahoga County Jail inflicted intense pain to the plaintiff's mind and body. And the conditions and Jail officers treatment of the plaintiff constitute cruel and unusual punishment and are constitutionally impermissible.

Page 10 of 14

A violation of the Eighth Amendment's command against cruel and unusual punishment by the U.S. Marshals Service's deputys acting under color of federal authority give rise to a federal cause of action for damages consequent upon the Marshal's unconstitutional conduct. Federal courts have the power to award damages for violation(s) of constitutionally protected interest, and that the traditional judicial remedy for damages was appropriate to vindicate the personal interest protected by the Eighth Amendment. Where legal rights have been invaded, and federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done. The essence of civil liberty consists in the right of every individual to claim the protection of the laws whenever he receives an injury. See 29 LED 2D 619, 403 U.S. 388 Bivens v. Narcotics agents.

When it comes to torture Congress has spoken loadly and clearly. 18 USC 2441 makes it a felony punishable by life imprisonment to commit an act specifically intended

to inflict severe physical pain or suffering... upon another person within his custody or physical control for the purpose of obtaining information. See also 18 USC 2340A.

It must and shall be noted that Eric Ivey, Kenneth Mills and Clifford Pinkney was in charge of the day to day operations at the Jail, and they managed the Jail. Armond Budish neglected his responsibility to prevent detainees from being subjected to inhumane, torturous unconstitional conditions at the Cuyahoga County Jail. All other persons not named in this complaint will be named at a later date upon disclosure of their names and photographs, especially the SRT officer that confiscated the plaintiff's legal material and evidence on January 27, 2017 at the Jail just outside of pod B, 10th Jail 1 and all of the SRT officers and the corporals who assaulted the plaintiff on January 27, 2017, and the U.S. Deputy Marshals that inflicted intense pain to the plaintiff's body to extract his human signature and affixed it to an electronic document binding the plaintiff to terms and conditions

that he did not assent to and was not fully apprised.

(6) Claim For Relief, The defendants is liable to the Plaintiff maurice sinkfield for damages and injuries thereby caused, in excess of or in the amount of $666,666,666.00 USD.

(7) Piercing the Corporate Veil, the Plaintiff respectfully moves this Court for Judicial act(s) imposing personal liability on all immune officers, deputys, directors and shareholders for the Cuyahoga County Organization's and the United States Marshals Service's wrongful acts. Common law principles to pierce the corporate veil and hold officers, deputys, directors and shareholders personally liable for the debt herein mentioned, must and shall apply. In determining whether to pierce the corporate veil, this Court has to look at factors such as (i) whether the corporate entity is a mere instrumentality of another individual; (ii) whether the corporate entity was used to commit fraud; (iii) whether the plaintiff was unjustly harmed. See Bodenhamer Building Corp., V. Architectural

Research Corp., 873 F. 2d 109, 112 (6th Cir. 1989).

It would be appropriate to strike through the general liability shield and get at the shareholders, directors, deputys and officers because the United States Marshals Service, Cuyahoga County and their shareholders, directors, deputys and officers have so misused and disregarded the Corporate form.

(8) Jury Trial Demanded, the Plaintiff respectfully moves this court for a jury trial in accordance with The Constitution for the United States Article 7 (VII) and the Constitution of the United States Amendment 7. This is a suit at Common Law, where the value in controversy exceed twenty dollars.

Respectfully Submitted

*Maurice Sinkfield*
Maurice Sinkfield
C/O Lake Erie Corr. Inst.
501 Thompson Rd P.O. box 8000
Conneaut, Ohio State [44030]

Page 14 of 14

From: Maurice Sinkfield
c/o Lake Erie Corr. Inst. 633 ill
501 Thompson Road
P.O. Box 8000
Conneaut, Ohio State 44030

Legal mail

[ 1 of 6 envelopes ]

To: U.S. District Court
Office of the Clerk
801 West Superior avenue
Cleveland, Ohio State 44113

LAECI INMATE FREE MAIL
FOREVER USA
Barn Swallow