PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE J. SINKFIELD, | ) | CASE NO. 1:19CV00392 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| UNITED STATES MARSHALS SERVICE, | ) | **ORDER** |
| *et al.*, | ) | [Resolving ECF Nos. 3, 6, 6-1, 7] |
| | ) | |
| Defendants. | ) | |

Pending before the Court is the Amended Complaint[1] of Plaintiff Maurice J. Sinkfield ("Sinkfield" or "Plaintiff") against the United States Marshals Service ("USMS"), Armond Budish[2] ("Budish"), Kenneth Mills[3] ("Mills"), Eric Ivey[4] ("Ivey"), and Clifford Pinkney[5]

---

[1] Plaintiff's motion for leave to file an amended complaint is granted. ECF No. 6.

[2] Plaintiff provides no information in the Amended Complaint regarding Armond Budish. Cuyahoga County's public website indicates that Armond Budish is the Cuyahoga County Executive. *See* http://executive.cuyahogacounty.us.

[3] Plaintiff provides no information in the Amended Complaint regarding Kenneth Mills. It appears, however, from publicly available news media that Kenneth Mills served as the Cuyahoga County Jail's Director until he resigned in November 2018. *See* https://www.cleveland.com/metro/2019/01/former-cuyahoga-county-jail-director-indicted-in-corruption-probe-received-16700-payout-when-he-resigned.html.

[4] Plaintiff provides no information in the Amended Complaint regarding Eric Ivey. However, it appears from publicly available news media that Eric Ivey was the Warden at the Cuyahoga Count Jail until February 2019. *See* https://www.news5cleveland.com/news/local-news/investigations/county-jail/former-cuyahoga-county-jail-warden-eric-ivey-pleads-guilty-to-obstruction-and-falsification.

[5] Plaintiff provides no information in the Amended Complaint regarding Clifford

(continued...)

(1:19CV00392)

("Pinkney") (collectively, "Defendants").[6] ECF No. 6-1 ("Amended Complaint").  Plaintiff alleges that Defendants violated his rights under the United States Constitution and certain federal laws while he was in pre-trial custody and in connection with a criminal case in the United States District Court, Northern District of Ohio Case No. 1:16 CR 146 (U.S. v. Sinkfield) ("Criminal Case").

For the reasons that follow, this case is dismissed.

## I. Background

Plaintiff alleges that on April 3, 2016, he was arrested by defendant USMS and a Cuyahoga County Sheriff and detained at the Cuyahoga County Jail.  ECF No. 6-1 at PageID #: 41.  Plaintiff claims that at the Cuyahoga County Jail between April 2016 and February 3, 2017, he was deprived of dinner on one occasion, threatened, harassed and screamed at by Special Response Team officers, required to strip naked and kicked in his right leg (which was allegedly uploaded to the "Worldstar" website), forced to eat contaminated and expired food served in unsanitary conditions, forced to sleep on a mat on the floor while housed with another inmate in a cell designed for one, placed in a restraint chair, "assaulted" by Special Response Team officers

---

[5](...continued)
Pinkney.  Again, it appears from publicly available news media that Clifford Pinkney served as Cuyahoga County Sheriff from April 2015 to August 2, 2019.  *See* https://www.ideastream.org/news/cuyahoga-county-sheriff-clifford-pinkney-to-retire-aug-2.

[6] Plaintiff states he intends to add all persons named in the Amended Complaint as defendants at some future time.  ECF No. 6-1 at PageID #: 50-51.

(1:19CV00392)

for not signing documents, placed in disciplinary isolation where legal materials for his Criminal Case were confiscated, and deprived of a "nutritional diet." *Id.* at PageID #: 41-44.

Plaintiff claims that on June 3 and 4, 2017, he was again detained at the Cuyahoga County Jail where he experienced the same jail conditions previously described. Sinkfield states that as a result of those jail conditions, he became "sick and hopeless" and, due to overcrowding, developed "inappropriate social skills, aggressive violent and destructive behavior patterns" which were observed by the jury during the trial in the Criminal Case where he was proceeding *pro se* and found guilty of violating 18 U.S.C. §§ 111(a) and (b).[7] *Id.* at PageID #: 44-45.

Sinkfield claims that the judicial officer presiding over the Criminal Case, the U.S. Attorney, standby defense Attorney Carlos Warner, and the USMS were aware of the conditions at the Cuyahoga County Jail that made him unhealthy, and witnessed the negative effects of those conditions on his mental state which resulted in his removal from the courtroom during the Criminal Case due to disruptive behavior. Plaintiff further alleges that at the Cuyahoga County Jail he did not have access to the "law research computer" which prevented him from presenting an adequate and effective defense in the Criminal Case. *Id.* at PageID #: 46. According to Plaintiff, the U.S. Attorney and Cuyagoha County Prosecutor, who are not defendants in this action, deliberately used the conditions at the Cuyahoga County Jail to gain advantage over him in the Criminal Case. *Id.*

---

[7] 18 U.S.C. §§ 111(a) and (b) makes it a crime to assault, among other conduct, a government employee or officer and provides for an enhanced penalty when the conduct described in subsection (a) uses a deadly or dangerous weapon.

3

(1:19CV00392)

With respect to his sentencing in the Criminal Case on October 5, 2017, Plaintiff claims that the presiding judicial officer asked him to sign an "electronic instrument" presented to him by the government, but Plaintiff refused to do so because he allegedly was not permitted to read and understand the instrument. *Id.* at PageID #: 48. Sinkfield alleges that he was escorted to a holding cell by the USMS and threatened with bodily harm if he did not sign the instrument. *Id*. Plaintiff then claims that on November 13, 2017, he was surrounded by jail officers who threatened physical harm if he continued to exercise his right not to be present in the courtroom for sentencing, whereupon, under duress, Sinkfield allowed the USMS to transport him to the federal courthouse. *Id.* at PageID #: 48-49. Plaintiff alleges that after the sentencing hearing, he was escorted to a holding cell by the USMS, given a piece of paper that stated, "the U.S. Marshals are exercising the authority of the U.S. Attorney General" and tortured by inflicting pain to his right arm, shoulder, and spinal cord in order to obtain his signature on the government electronic instrument. *Id.* at PageID #: 49-50. Finally, Sinkfield claims that "it is very possible" that the judicial officer overseeing the Criminal Case, Megan Miller, and U.S. Marshal Pete Elliot, with the help of defense counsel, unlawfully accessed his social security number. *Id.* at PageID #: 50.

Plaintiff states that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1331. *Id.* at PageID #: 41. Based upon factual allegations in the Amended Complaint, Plaintiff claims that Defendants violated his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment at the hands of the USMS and the Cuyahoga County

4

(1:19CV00392)

Jail's officers acting under color of federal authority,[8] and that his treatment by Defendants before he was found guilty of the crimes charged in his Criminal Case constituted punishment, thus depriving him of due process of law. *Id.* at PageID #: 51-52. Sinkfield also claims that Defendants violated 18 U.S.C. §§ 2441 and 2340A. *Id.* at PageID #: 52. Plaintiff seeks monetary damages in the amount of $666,666,666.00. *Id.* at PageID #: 53-54.

## II. Standard of Review

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding, the district court is required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints, and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

[8] Plaintiff does not specify the nature of his legal claim, but construing the Amended Complaint liberally, it appears that Plaintiff is asserting a *Bivens* action against the USMS and Cuyahoga County employees acting under federal authority. *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (district court properly construed action as a *Bivens* action because plaintiff alleged that he was deprived of a right secured by the United States Constitution by persons acting under color of federal law) (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971)). Plaintiff provides little detail regarding the specific dates upon which each of various alleged constitutional violations occurred. To the extent the alleged conduct occurred more than two years before Plaintiff filed this action, those claims are barred by the statute of limitations. In Ohio, a cause of action under *Bivens* is governed by the same two-year statute of limitations as that which governs § 1983 actions. *Kurinsky v. United States*, 33 F.3d 594, 599 (6th Cir. 1994) (abrogated on other grounds by *Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008)); *McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir. 1987), cert. denied, 485 U.S. 934 (1988). As in § 1983 actions, the statute of limitations for *Bivens* claims begins to run when the plaintiff "knew or should have known of the injury which is the basis of his *Bivens* claim." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

5

(1:19CV00392)

relief against a defendant who is immune from such relief. See Hill v. Lappin, 630 F.3d 468, 470 (6th Cir. 2010). While some latitude must be extended to *pro se* plaintiffs with respect to their pleadings, the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. See Grinter v. Knight, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); Thomas v. Brennan, No. 1:18 CV 1312, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018) (citing Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985) and Erwin v. Edwards, 22 F. App'x. 579, 580 (6th Cir. 2001)).

In order to withstand scrutiny under § 1915(e)(2)(B) and § 1915A, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hill, 630 F.3d at 470-71 (holding that the dismissal standard articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B) and § 1915A) (quoting Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)). Thus, a complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. at 471.

### III. Law and Analysis

**A. Plaintiff's Claims under 18 U.S.C. §§ 2441 and 2340A are Dismissed**

Plaintiff alleges that Defendants violated 18 U.S.C. §§ 2441 and 2340A. Section 2340A makes it a crime to commit torture outside of the United States. As an initial matter, the conduct Plaintiff complains of occurred within the United States. Moreover, there is no private right of

(1:19CV00392)

action for violations of statutes criminalizing torture outside of the United States. *See Renkel v. United States,* 456 F.3d 640 (6th Cir. 2006) (citing 18 U.S.C.A. §§ 2340, 2340A). Accordingly, Plaintiff lacks standing to bring a claim under 18 U.S.C.A. § 2340A and, thus, fails to establish the Court's subject matter jurisdiction under the statute. Accordingly, this claim is dismissed pursuant to § 1915(e)(2)(B) as legally frivolous and for failure to state a claim upon which relief may be granted. *See Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999) (legally frivolous claims deprive the district court of subject matter jurisdiction); *Bogard v. Allegan Cty., MI,* No. 17-2329, 2018 WL 5819476, at *3 (6th Cir. Sept. 6, 2018) (affirming dismissal of plaintiff's claim under criminal statutes for failure to state a claim upon which relief may be granted because plaintiff lacked standing to bring such claims) (citations omitted).

Section 2441 of Title 18 of the U.S. Code, entitled "War Crimes," makes it a crime to commit a war crime either inside or outside of the United States. "[F]ederal criminal statutes like this one do not create a private right of action." *Hopson v. Secret Serv.*, No. 3:12CV-770-H, 2013 WL 504921, at *2 (W.D. Ky. Feb. 8, 2013) (citing *Rockefeller v. U.S. C.A. Office, for Tenth Cir. Judges*, 248 F. Supp. 2d 17, 23 (D.D.C.2003); *Swift v. Bush*, No. 10-7388, 2011 WL 2517143, at *2 (E.D. Pa. June 23, 2011) ("Federal criminal statutes such as 18 U.S.C. § 2441 do not create a private right of action.")). Accordingly, Plaintiff also fails to establish jurisdiction under 18 U.S.C. § 2441 and that claim is dismissed pursuant to § 1915(e)(2)(B) as legally frivolous and for failure to state a claim upon which relief may be granted.

(1:19CV00392)

### B. Plaintiff's Claim against the USMS is dismissed

Plaintiff claims that the United States Marshals Service violated his rights under the United States Constitution. However, the United States Marshals Service, an agency of the United States, is immune from suit and is not a legal entity capable of being sued. *Logue v. U.S. Marshals*, No. 1:13CV348, 2014 WL 4659497, at *6 (S.D. Ohio Sept. 17, 2014) (citing *Center for Bio Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007) (holding that the U.S. Marshals Service is immune from suit as agency of the United States); *Mathis v. U.S. Marshal Service*, No. 2:11CV271, 2011 WL 1336575, at *2 (S.D. Ohio Apr.5, 2011) (Kemp, M.J.) (Report & Recommendation) (recommending dismissal of complaint on initial screening on grounds that "[f]irst and foremost, the United States Marshals Service is not an entity which can be sued")). Accordingly, Plaintiff's claim against the United States Marshals Service is dismissed from this action pursuant to § 1915(e)(2)(B) because it is immune from suit and for failure to state a claim upon which relief may be granted.

### C. Plaintiff's Claims against Armond Budish, Kenneth Mills, Eric Ivey, and Clifford Pinkney are Dismissed

Although Plaintiff names Budish, Mills, Ivey, and Pinkney in the Complaint, he asserts no factual allegations against them.[9] In order to withstand scrutiny under § 1915(e)(2)(B), the Amended Complaint must contain sufficient factual allegations asserted against a named defendant which, if accepted as true, states a claim for relief against that defendant that is

---

[9] Plaintiff does not assert a specific allegation against Clifford Pinkney, but claims that on "April 3, 2016 Maurice Sinkfield was arrested by the U.S. Marshal[] Service's member and a Cuyahoga County Sheriff[.]" ECF No. 6-1 at PageID #: 41.

8

(1:19CV00392)

plausible on its face. *Hill*, 630 F.3d at 470-71. Plaintiff cannot establish the liability of Budish, Mills, Ivey, or Pinkney absent factual allegations showing that each were personally involved in the activities that form the basis of the alleged unconstitutional behavior. *See Maclennan v. Bureau of Prisons*, No. 4:07CV2133, 2007 WL 3001353, at *2 (N.D. Ohio Oct. 11, 2007) (dismissing defendants in *Bivens* action who were listed in case caption but where plaintiff alleged no facts showing that defendants were personally involved in alleged unconstitutional conduct) (citing *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995)). Here, the Amended Complaint contains no factual allegations concerning specific conduct or involvement on the part of these defendants which form the bases of Plaintiff's *Bivens* claim. To the extent Plaintiff is attempting to assert a claim against Budish, Mills, Ivey, and Pinkney based upon the theory of *respondeat superior*, that theory is not a viable vehicle for liability under *Bivens*.[10] *See Johnson v. U.S. Bureau of Prison*, No. 4:12CV2802, 2013 WL 1819227, at *4 (N.D. Ohio Apr. 29, 2013) (citing *Okoro v. Scibana*, 63 F. App'x 183, 184 (6th Cir. 2003); *Jones v. City of Memphis*, 586 F.2d 622, 625 (6th Cir. 1978) ("the theory of *respondeat superior* [is] fundamentally inconsistent with the import of *Bivens*.")).

---

[10] The Supreme Court has only permitted a *Bivens* action arising under the Eighth Amendment context for deliberate indifference to an prisoner's serious medical needs and has not extended a *Bivens* remedy under the Eighth Amendment for other claims of cruel and unusual punishment. *See Hanson v. United States*, No. 18-17-DLB, 2018 WL 5046067, at *2 (E.D. Ky. Oct. 17, 2018) (dismissing and declining to extend *Bivens* when plaintiff alleged an Eighth Amendment violation related to prison bathroom access) (citing *Carlson*, 446 U.S. 14 (1980); *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)), appeal dismissed, No. 18-6173, 2018 WL 7220935 (6th Cir. Dec. 28, 2018).

(1:19CV00392)

Accordingly, Plaintiff's claims against Budish, Mills, Ivey, and Pinkney are dismissed pursuant to § 1915(e)(2)(B) for failure to state a plausible claim upon which relief may be granted.

### IV. Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motions to reinstate civil rights and to compel legal materials are moot and therefore denied as such. ECF Nos. 3, 7.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
|   October 7, 2019   |   */s/ Benita Y. Pearson*   |
| Date | Benita Y. Pearson <br> United States District Judge |